IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deanna Sharp,<br><br>        Plaintiff,<br><br>v.<br><br>South Carolina Department of Social Services (DSS); Orangeburg County DSS; Lexington County DSS; ArcPoint Labs; Richland County Sheriff's Office; Corporal J. Kinney; West Columbia Police Department; Joseph Keels Elementary School; Riverbank Elementary School; Jackson Creek Elementary School; South Congaree Elementary School; Lexington County School Districts; Emily Hinson (GAL); Detective Brian Haynes; Ryan Sharp; and Catherine Hunter (Solicitor),<br><br>        Defendants. | C/A No. 3:25-cv-1203-SAL<br><br>**ORDER** |

  Plaintiff Deanna Sharp ("Plaintiff") brings this action under 42 U.S.C. § 1983. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 36.] In the Report, the magistrate judge recommends summarily dismissing this matter because Plaintiff failed to comply with a court order and, alternatively, because Plaintiff has failed to state a claim upon which relief may be granted. *Id.* at 4–5. The magistrate judge further recommends denying Plaintiff's motion for emergency relief, ECF No. 28; motion for immediate return of N.S., ECF No. 32; and motion for federal protection and relocation, ECF No. 33. [ECF No. 36 at 5–9.] Included with the Report was a notice advising

1

Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 10. On May 27, 2025, Plaintiff filed objections. [ECF No. 52.]

Since the Report was filed on May 14, 2025, Plaintiff has also filed the following additional motions:

- motion for emergency protective order, ECF No. 40;
- motion for case manager reassignment, ECF No. 42;
- three motions to seal, ECF Nos. 44, 47, 54;
- motion to compel proof of life, for federal protection, and for status hearing, ECF No. 46;
- motion to produce evidence of N.S.'s life, safety, and medical condition, ECF No. 50;
- emergency motion to remove magistrate judge, ECF No. 53; and
- motion to amend the amended complaint, ECF No. 58.

For the reasons below, the court adopts the Report, summarily dismisses this case, and denies all pending motions.

## BACKGROUND AND PROCEDURAL HISTORY

The Report and the magistrate judge's order regarding amendment of complaint, ECF No. 11, outline the relevant facts and standards of law. [ECF Nos. 11, 36.] This court incorporates those facts and standards in this order. In short, Plaintiff challenges the removal of her disabled son, N.S., from her care, by the South Carolina Department of Social Services ("DSS") and her related criminal charge for felony child misconduct. Her original complaint includes allegations against various individuals and entities involved in these events, as well as against multiple schools

2

for allegedly denying N.S. accommodations, failing to acknowledge N.S.'s disability, transferring him without Plaintiff's consent, and withholding his records. *See* ECF No. 1.

On March 13, 2025, the magistrate judge issued an order advising Plaintiff that she had to bring her case into proper form by (1) completing the standard complaint form, (2) completing a summons for each named defendant, (3) completing a Form USM-285 for each defendant, and (4) fully completing and signing the answers to the court's Local Civil Rule 26.01 (D.S.C.) interrogatories. [ECF No. 9.] The magistrate judge provided copies of the required forms along with the proper form order.

That same day, the magistrate judge issued an order regarding amendment of complaint, identifying various legal deficiencies in Plaintiff's complaint and advising that failure to correct them could result in summary dismissal. [ECF No. 11.] The order noted, for example: certain defendants—South Carolina DSS, Orangeburg County DSS, Lexington County DSS, Richland County Sheriff's Office, and West Columbia Police Department—are not "persons" under § 1983 and thus not amenable to suit, *id.* at 3–5; other individual defendants are inadequately linked to alleged constitutional violations and subject to dismissal, *id.* at 5; Defendants Ryan Sharp and ArcPoint Labs are not state actors, *id.* at 6; certain individuals, such as guardian ad litem Emily Hinson, are entitled to quasi-judicial immunity, *id;* and Plaintiff's IDEA and FERPA claims fail to state a claim upon which relief can be granted, *id.* In light of these many deficiencies, the magistrate judge granted Plaintiff twenty-one days to amend her complaint.[1] *Id.* at 7–8.

---

[1] Both the proper form order and the order regarding amendment of complaint were mailed to Plaintiff but were returned to the court as undeliverable. *See* ECF Nos. 12, 26. Plaintiff came into the court in person on April 1, 2025, and was provided a copy of both orders at that time.

Plaintiff filed an amended complaint on March 27, 2025, naming three defendants—two of whom were already included in the original complaint—and referencing, but not including, attachments. [ECF No. 14.]

On April 1 and 4, 2025, Plaintiff filed supplements to her amended complaint. [ECF Nos. 18, 20.] However, the individuals referenced therein were not named as defendants. [ECF No. 20.]

The court extended Plaintiff's deadline to amend the complaint to April 29, 2025. [ECF Nos. 16, 23.] No amended complaint was filed on that date. On May 1, 2025, Plaintiff filed a motion to seal, a motion for emergency temporary relief, and a motion to compel production. [ECF Nos. 27, 28, 29.] Then, on May 8, 2025, Plaintiff filed a motion for immediate return of N.S. and a motion for federal protection and relocation. [ECF Nos. 32, 33.]

On May 14, 2025, the magistrate judge issued her Report, recommending this court summarily dismiss this case for failing to comply with the court's order and, alternatively, for failing to state a claim on which relief can be granted. [ECF No. 36.] She further recommended denying the motions for emergency temporary relief, for immediate return of N.S., and for federal protection and relocation. *Id.* at 9.

After the magistrate judge issued her Report, Plaintiff filed the following motions:

- Motion for emergency protective order (ECF No. 40) – May 14, 2025 – requesting an order from the court preventing law enforcement and DSS from approaching, detaining, arresting, or interfering with Plaintiff or her son and further recognizing her right to retrieve her son without interference and restricting any attempt to separate Plaintiff from her son;

- Motion for formal notice of case manager reassignment request (ECF No. 42) – May 14, 2025 – requesting reassignment to "an unbiased case manager" based on allegations of mistreatment;

- Motion to seal (ECF No. 44) – May 14, 2025 – requesting that the court seal supplemental materials regarding her claims against DSS, Ryan Sharp, guardian ad litems, and attorneys;

4

- Motion to compel proof of life and federal protection (ECF No. 46) – May 14, 2025 – asking the court to order production of proof of life of Plaintiff's son and for protection for Plaintiff;

- Motion to seal complaint and supporting documents (ECF No. 47) – May 15, 2025 – asking to seal a complaint against Orangeburg County, the First Circuit Solicitor's Office, Caroline Land, Catherine Hunter, Bethany Miles, Orangeburg DSS, and associated unknown individuals, related to the removal of Plaintiff's child from her custody and criminal charges against Plaintiff;

- Motion to produce evidence of N.S.'s life, safety, and medical condition (ECF No. 50) – May 16, 2025 – asking for confirmation that filings have been entered; for an order requiring all agencies to produce evidence of [N.S.'s] life, safety, and medical condition; and for full ADA and IDEA enforcement;

- Emergency motion to remove magistrate judge (ECF No. 53) – May 27, 2025 – asking that the magistrate judge assigned to this case be removed and that all rulings be reviewed;

- Motion to seal (ECF No. 54) – May 27, 2025 – asking to seal all documents mentioning N.S. by name.

Plaintiff objected to the Report on May 27, 2025. [ECF No. 52.] And she also filed another document that purports to be an amended complaint, which has been entered on the docket as a motion to amend the amended complaint. [ECF No. 58.] Finally, on May 27, 2025, Plaintiff filed an "Emergency Notice of Withdrawal of Consent to South Carolina Federal Court Jurisdiction and Demand for Oversight" where she indicates she is withdrawing her consent to be heard in this court and will be filing a judicial misconduct complaint to various federal agencies.[2] [ECF No. 59.]

These matters are ripe for review.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

---

[2] It is unclear if Plaintiff wishes to voluntarily dismiss this case based on this filing. Out of an abundance of caution, the court rules on the pending Report and all other motions.

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow her to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

# DISCUSSION

**I.      Summary Dismissal**

The magistrate judge correctly recommended summary dismissal based on Plaintiff's failure to comply with the court's order and further because her amended complaint fails to state a claim on which relief can be granted. Plaintiff objects.

As to Plaintiff's failure to comply with a court order, Plaintiff was given specific instructions and provided with the appropriate forms to bring her case into proper form. *See* ECF No. 9.[3] She has now filed the Local Rule 26.01 answers to interrogatories, *see* ECF No. 57, but she has not fully complied with the proper form order. Nor does Plaintiff address her failure to comply with the court's order in her objections. *See* ECF No. 52. Accordingly, this case is dismissed under Rule 41(b) for Plaintiff's failure to comply with the court's order. *See Lutfi v. Training Etc, Inc.*, 787 F. App'x 190, 191 (4th Cir. 2019) ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case.").

Further, even if Plaintiff had complied, dismissal is still warranted because the amended complaint fails to state a claim. The defendants include non-suable entities, state actors without adequate factual allegations, and private parties not subject to § 1983. Plaintiff's claims under the ADA, IDEA, and FERPA are conclusory and legally insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). For these reasons, the Report recommends dismissal.

Plaintiff claims her April 29, 2025, amended complaint corrected these issues. [ECF No. 52 at 1.] However, no such complaint was filed in this case—though one was filed in a separate

---

[3] Again, while the copy mailed to Plaintiff's address was returned as undeliverable, Plaintiff was provided with these documents in person. *See supra* n.1.

case, *Sharp v. Brock*, 3:25-cv-2882-SAL-PJG.[4] But that case has no bearing on the dismissal of this case. Further, having reviewed the documents Plaintiff submitted in this case, this court agrees with the reasoning by the magistrate judge. Plaintiff offers only conclusory allegations against the defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[T]he pleading standard [Fed. R. Civ. P. 8] announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). The court cannot proceed with such bare bones allegations. Plaintiff's objection is overruled.

Plaintiff also asserts ADA-related objections, citing stroke-related aphasia and PTSD. [ECF No. 52 at 1–2.] The court notes Plaintiff has successfully submitted over fifteen motions, along with multiple amended complaints, both by mail and in person. She claims court staff have refused to assist her, but she offers no specifics about any documents she has been unable to file. The docket reflects that multiple different people in the Clerk's Office have assisted Plaintiff when she has come to file documents in person. Her claims of being denied access are unsupported by the current record. Accordingly, her objection is overruled. Plaintiff has not shown any exception should be made to the local rule that pro se parties must file all papers in the traditional filing method—that is, by mail or in person.

She further argues the magistrate judge "minimized or omitted core facts" in her amended complaint. [ECF No. 52 at 2.] She claims the Report does not properly reflect the full scope of the allegations, declarations, and violations and "materially mischaracterizes" her actions. *Id.* This vague objection fails to specify what was omitted or mischaracterized. Accordingly, it is overruled. *See Elijah*, 66 F.4th at 460 ("To trigger de novo review, an objecting party 'must object to the

---

[4] Plaintiff has now voluntarily dismissed *Sharp v. Brock*, 3:25-cv-2882-SAL-PJG.

8

finding or recommendation on that issue with sufficient specificity so as to reasonably alert the district court of the true ground for the objection.'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007))).

## II.   Pending Motions

The magistrate judge recommends dismissal of Plaintiff's motions for emergency relief, properly construing them as requests for temporary restraining orders. *See* ECF No. 36 at 6–9. In order to receive such relief, Plaintiff must establish, among other things, that she is likely to succeed on the merits of her claim. *Id.* at 7 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). But where Plaintiff has failed to even state a plausible claim, she cannot show a likelihood of success on the merits. Further, as explained in the Report, this court lacks the authority to grant much of the relief Plaintiff requests.

Plaintiff objects, claiming her motions for emergency injunctive relief and for substantial proof of ADA and IDEA violations have been "disregarded." [ECF No. 52 at 1.] Her objection lacks merit. Instead, Plaintiff has failed to make the threshold showing that she is entitled to relief, much of which is outside of this court's authority. *See Braun v. North Carolina*, 3:23-mc-7-RJC, 2023 WL 425399, at *2 (W.D.N.C. Jan. 26, 2023) (explaining "federal courts do not have the power to intervene with regard to child custody or visitation decrees" under "the domestic relations exception" to federal jurisdiction). Her objection is overruled, and for the same reasons explained in the Report, the court denies Plaintiff's motion for emergency temporary relief, ECF No. 28; motion for immediate return of N.S., ECF No. 32; and motion for federal protection and relocation, ECF No. 33.

The court also denies the motions requesting preliminary relief that Plaintiff has filed since the Report issued. Those are: motion for emergency protective order, ECF No. 40; motion to

9

compel proof of life and for federal protection, ECF No. 46; and motion to produce evidence of Plaintiff's son's life, safety, and medical condition, ECF No. 50. The court denies these motions both because Plaintiff's case is being summarily dismissed and because much of the relief Plaintiff seeks is outside the scope of this court's authority.

Plaintiff's post-Report filings include several attempts to amend her complaint. [ECF Nos. 44, 47, 58.] Because Plaintiff has already amended once as of right, further amendments require leave of court. Fed. R. Civ. P. 15(a)(1) & (2). While the rules state "[t]he court should freely give leave when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), it may deny a motion to amend if allowing the amendment would be futile. *See In re PEC Sol., Inc. Sec. Litig.*, 418 F.3d 379 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile."). Here, the proposed amendments remain deficient and would be futile. For example, Plaintiff persists in naming defendants who are simply not amenable to suit under § 1983, and she relies upon mere conclusory allegations that fail to state a claim against other defendants. Accordingly, these motions are denied.

Plaintiff's motions to seal documents, *see* ECF Nos. 44, 47, 54, are denied as moot; the Clerk has already sealed documents referencing minor children.

Lastly, Plaintiff's motions for case reassignment and to remove the magistrate judge, ECF Nos. 42, 53, are both moot and meritless. The case has been unreferred, and there is no evidence of bias. These motions are denied.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 36, is adopted and incorporated. As a result, this action is **SUMMARILY DISMISSED** without prejudice and without issuance and

service of process. Plaintiff's pending motions (ECF Nos. 28, 32, 33, 40, 42, 44, 46, 47, 50, 53, 54, 58) are also **DENIED**.

    **IT IS SO ORDERED.**

June 3, 2025  
Columbia, South Carolina

                                                Sherri A. Lydon  
                                    United States District Judge